**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 22-60228-CIV-BLOOM/VALLE**

LOUIS VUITTON MALLETIER,

                 Plaintiff,

vs.

LVHUT.NET, *et al.*,

                 Defendants.

_____/

**PLAINTIFF'S *EX PARTE* MOTION FOR ORDER AUTHORIZING ALTERNATE
SERVICE OF PROCESS ON DEFENDANTS PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 4(f)(3) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, Louis Vuitton Malletier, ("Plaintiff") hereby moves this Honorable Court, on an

*ex parte* basis,[1] for an order authorizing alternate service of process on Defendants, the

Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto

("Defendants") pursuant to Federal Rule of Civil Procedure 4(f)(3), and in support submits the

following memorandum of law.

**I.**      **INTRODUCTION**

Plaintiff is suing Defendants for trademark counterfeiting and infringement, false

designation of origin, cybersquatting, common law unfair competition, and common law

---

[1] On February 4, 2022, Plaintiff filed its *Ex Parte* Application for Entry of Temporary
Restraining Order and Preliminary Injunction (the "Application for TRO") ECF No. [6], which is
currently pending before the Court. (See Declaration of Virgilio Gigante in Support of
Plaintiff's *Ex Parte* Motion for Order Authorizing Alternate Service of Process on Defendants
("Gigante Decl.") ¶ 2, n.1, filed herewith.) The instant Motion makes reference to Plaintiff's
Application for TRO, and as such, Plaintiff seeks to prevent premature disclosure of that filing.
(Id.) Accordingly, Plaintiff is moving for alternate service *ex parte* as Plaintiff has yet to provide
Defendants with notice of this action. (Id.) However, Plaintiff is filing this Motion so that, in the
event this Motion is granted, Plaintiff can effectuate service of process pursuant to Rule 4 of the
Federal Rules of Civil Procedure simultaneously with providing notice of the Court's Order.

trademark infringement.  Defendants are knowingly and intentionally promoting, advertising, distributing, offering for sale, and selling goods using or bearing counterfeits and infringements of Plaintiff's registered trademarks within this district and throughout the United States through the fully interactive, commercial Internet websites operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names").

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests an order authorizing service of process on Defendants via electronic mail ("e-mail") and via website posting.  Alternate service by e-mail and by posting on a designated website are appropriate and necessary in this case, because Defendants (1) operate via the Internet; and (2) rely on electronic communications to operate their businesses. As such, Plaintiff has the ability to contact Defendants directly and provide notice of Plaintiff's claims against them electronically via e-mail to Defendants' known e-mail addresses, including onsite contact forms embedded directly in Defendants' respective websites. Additionally, Plaintiff has created a website where it will be posting copies of the Complaint, Application for TRO, this Motion, and all other documents filed in this action.  Plaintiff respectfully submits that an order allowing service of process and service of all filings and discovery via e-mail and by posting on a designated website in this case will benefit all parties and the Court by ensuring Defendants receive immediate notice of the pendency of this action and allowing this action to move forward expeditiously.  Absent the ability to serve Defendants by e-mail and/or by website posting, Plaintiff will almost certainly be left without the ability to pursue a remedy.

## II.  **STATEMENT OF FACTS**

### A.  **Defendants Identify Electronic Means for Contact.**

Defendants operate Internet-based businesses and identify e-mail, including onsite contact forms, as a means of communication.  Specifically, Defendants are able to receive notice

of this action electronically via e-mail to Defendants' e-mail addresses provided as part of the domain registration for the Subject Domain Names, via e-mail to the e-mail addresses provided in connection with Defendants' respective Internet websites, including customer service e-mail addresses and onsite contact forms, or via e-mail to Defendants' registrars.  (See Gigante Decl. ¶ 5.)  As a practical matter, it is necessary for merchants who operate entirely online, such as Defendants, to provide customers with an accurate means by which customers may contact the merchants to ask questions about the merchants' products, place orders from the merchants, and receive information from the merchants regarding the shipments of orders.  Moreover, e-commerce defendants generally must maintain accurate e-mail addresses where the domain registrar may communicate with them regarding issues related to the purchase, transfer, and maintenance of their domain name accounts. Additionally, Plaintiff has created a serving notice website that will be appearing at the URL, http://servingnotice.com/Ls39fx1/index.html ("Plaintiff's Website"), such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. (See Gigante Decl. ¶ 6.)

Plaintiff's counsel obtained the publicly available domain name registration records for each of the Subject Domain Names identifying the contact e-mail addresses Defendants provided their registrars.  (Id. at ¶ 4.)  Additionally, Plaintiff's counsel obtained the available e-mail addresses and onsite contact forms Defendants identified in connection with their respective Internet websites. (Id.)  Each Defendant will be provided with notice of this action electronically via e-mail by providing the address to Plaintiff's designated serving notice website to the e-mail addresses provided by Defendants as part of the domain registration data for each of the Subject Domain Names or on their respective websites operating thereunder, including customer service e-mail addresses and onsite contact forms, or via their designated Registrar's domain owner

contact form or e-mail address.[2]   (Id. at ¶ 5.) In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures. (Id.)

Furthermore, Plaintiff will be able to provide each Defendant notice of this action via public announcement on Plaintiff's designated website. (See Gigante Decl. ¶ 6.)  Plaintiff has created its Website that will appear at the URL http://servingnotice.com/Ls39fx1/index.html, whereon copies of the Complaint, and all other pleadings, documents and orders issued in this action will be posted such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action. (Id.)  The address for Plaintiff's Website will be provided to Defendants via e-mail to Defendants' known e-mail accounts and will be included as part of service of process in this matter. (Id.)

**B.      Defendants Rely on Electronic Communications.**

Defendants have structured their website businesses so that the means for customers to purchase Defendants' counterfeit goods at issue is by placing an order electronically. (See Gigante Decl. ¶ 3.)  Defendants purport to take and confirm orders online as well as via e-mail and/or private messaging services such as WhatsApp and WeChat, or via phone and communicate with customers via electronic means, including e-mail and onsite contact forms. (See id.; see also relevant web captures from Defendants' Internet websites operating under the Subject Domain Names attached as Composite Exhibit "2" to Plaintiff's Complaint [ECF No. 1-3 through 1-5], incorporated herein by reference.)  Clearly, Defendants rely on electronic means as a reliable form of contact.

---

[2] The e-mail addresses and other means of electronic contact for Defendants are provided on Schedule "A" hereto. (See Gigante Decl. ¶ 4.)

III.   **ARGUMENT**

Pursuant to Federal Rule of Civil Procedure 4(h)(2), a foreign partnership or other unincorporated association may be served with process in any manner prescribed by Rule 4(f) for serving foreign individuals. Federal Rule of Civil Procedure 4(f)(3), allows a district court to authorize an alternate method for service to be effected upon a foreign defendant, provided that it is not prohibited by international agreement and is reasonably calculated to give notice to the defendant.  In the present matter, alternate service of process via e-mail and by posting on Plaintiff's Website are appropriate given that Defendants have established Internet-based businesses by which they rely on electronic communication for their operation.  Accordingly, this Court should permit service on Defendants by e-mail and website posting.

   A.     **The Court May Authorize Service via E-mail and Website Posting Pursuant to Federal Rule of Civil Procedure 4(f)(3).**

Federal Rule of Civil Procedure 4(h)(2) allows a foreign business entity to be served with process "in any manner prescribed by Rule 4(f)," including any manner ordered under Rule 4(f)(3). U.S. Commodity Futures Trading Comm'n v. Aliaga, 272 F.R.D. 617, 619 (S.D. Fla. 2011).  A foreign partnership or other unincorporated association can therefore be served in the same manner as serving a foreign individual pursuant to Rule 4(f)(3). Id. Federal Rule of Civil Procedure 4(f)(3) allows alternative methods for service of process, so long as those methods are not prohibited by international agreement and are directed by the Court.  See Prewitt Enters., Inc. v. The Org. of Petrol. Exporting Countries, 353 F.3d 916, 923 (11th Cir. 2003).  See also Brookshire Bros., Ltd. v. Chiquita Brands Int'l, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007); Rio Props. Inc., v. Rio Int'l Interlink, 284 F.3d 1007, 1014 (9th Cir. 2002).  In fact, "as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws

of the foreign country." <u>Chanel, Inc. v. Zhixian</u>, Case No. 10-cv-60585-JIC, 2010 WL 1740695, at *3 (S.D. Fla. April 29, 2010) (quoting <u>Rio Props.</u>, 284 F.3d at 1014 and citing <u>Mayoral–Amy v. BHI Corp.</u>, 180 F.R.D. 456, 459 n. 4 (S.D. Fla. 1998)).

The plain language of Rule 4(f)(3) reflects that the decision to issue an order allowing an alternate means of service lies within the sole discretion of the District Court. <u>Prewitt Enters., Inc.</u>, 353 F.3d at 921; <u>Rio Props.</u>, 284 F.3d at 1116. <u>See, e.g.</u>, <u>Brookshire Bros., Ltd.</u>, 2007 WL 1577771, at *2 (noting that "district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service"); <u>In re Int'l Telemedia Assocs.</u>, 245 B.R. 713, 720 (N.D. Ga. 2000) (noting that Rule 4(f)(3) is designed to allow courts discretion and broad flexibility to tailor the methods of service for a particular case). Rule 4 does not require a party attempt service of process by those methods enumerated under subsections (f)(1) and (f)(2), including by diplomatic channels and letters rogatory, before petitioning the court for alternative relief under subsection 4(f)(3). <u>Rio Props.</u>, 284 F.3d at 1114-15; <u>see also</u> <u>Brookshire Bros., Ltd.</u>, 2007 WL 1577771, at *1. In Brookshire, the Honorable Judge Marcia G. Cooke allowed substitute service on a party's attorney pursuant to Rule 4(f)(3) holding as follows:

> Rule 4(f)(3) is one of three separately numbered subsections in Rule 4(f) and each subsection is separated from the one previous merely by the simple conjunction 'or.' Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing. Moreover, no language in Rules 4(f)(1) or 4(f)(2) indicates the primacy, and certainly Rule 4(f)(3) indicates no qualifiers or limitations which indicate its availability only after attempting service of process by other means.

<u>Brookshire Bros., Ltd.</u>, 2007 WL 1577771, at *1 (quoting <u>Rio Props.</u>, 284 F.3d at 1015). <u>Accord</u> <u>TracFone Wireless, Inc. v. Bitton</u>, 278 F.R.D. 687, 692 (S.D. Fla. Jan 11, 2012) (noting that, in regards to Rule 4(f)(3), "there is no indication from the plain language of the Rule that the three subsections, separated by the disjunctive "or," are meant to be read as a hierarchy.") Judge

Cooke further held, "[t]he invocation of Rule 4(f)(3), therefore, is neither a last resort nor extraordinary relief." Brookshire Bros., Ltd., 2007 WL 1577771, at *2.

Additionally, the Constitution itself does not mandate that service be effectuated in any particular way.  Rather, Constitutional due process considerations require only that the method of service selected be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Brookshire Bros., Ltd., 2007 WL 1577771, at *1 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)); see also TracFone Wireless, Inc., 278 F.R.D. at 692; Rio Props., 284 F.3d at 1016.  Accordingly, federal courts have allowed a variety of alternative service methods, including service by e-mail and service by posting on a designated website, where a plaintiff demonstrates the likelihood that the proposed alternative method of service will notify a defendant of the pendency of the action. See, e.g., Rio Props., 284 F.3d at 1017 (holding, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable"); In re Int'l Telemedia Assocs., 245 B.R. at 721 ("If any methods of communication can be reasonably calculated to provide a defendant with real notice, surely those communication channels utilized and preferred by the defendant himself must be included among them."); National Association for Stock Car Auto Racing, Inc. v. Does, 584 F. Supp. 2d 824, 826 (W.D.N.C. 2008) (in "acknowledging the realities of the twenty-first century and the information age, the Court determined that the most appropriate place for publication was [plaintiff's website].").

Here, service on Defendants by e-mail and/or by posting on Plaintiff's Website will satisfy due process by apprising them of the action and giving them the opportunity to answer Plaintiff's claims. Plaintiff has verified that each Defendant has at least one form of electronic

means of contact, demonstrating that this means of contact is not just effective, but the most reliable means of communicating with that Defendant, and consequently, the most reliable means of providing Defendants with notice of this action. (See Gigante Decl. ¶¶ 4-5.) Moreover, service by posting on Plaintiff's Website will be an additional source of reliability as Defendants will be able to see copies of the Complaint and all other documents in this matter electronically via their Internet browser. (See Gigante Decl. ¶ 6.)  The suggested methods are the most reliable means of providing Defendants with notice of this action.

E-mail service on an online business defendant is appropriate and constitutionally acceptable in a case such as this when the plaintiff has proven that e-mail is the most effective means of providing the defendant notice of the action. See Rio Props., 284 F.3d at 1017 (concluding "not only that service of process by e-mail was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). See also Popular Enters., LLC v. Webcom Media Group, Inc., 225 F.R.D. 560, 562 (E.D. Tenn. 2004) ("Under the facts and circumstances presented here, Rule 4(f)(3) clearly authorizes the court to direct service upon defendant by e-mail. The rule is expressly designed to provide courts with broad flexibility in tailoring methods of service to meet the needs of particularly difficult cases. Such flexibility necessarily includes the utilization of modern communication technologies to effect service when warranted by the facts.") (citation omitted). The Rio Properties and Popular Enters., LLC courts each determined e-mail service to be appropriate in part because, as in this case, the defendants conducted their business online, use e-mail, including onsite contact forms, in their business, and encouraged parties to contact them via e-mail and onsite contact forms. See id.

In cases that are factually similar to this one, a number of Courts have held that alternate forms of service pursuant to Rule 4(f)(3), such as e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." Rio Props., 284 F.3d at 1018; see also Chanel, Inc. v. Zhixian, 2010 WL 1740695, at * 2 (e-mail service "reasonably calculated to notify Defendants of the pendency of this action and provide him with an opportunity to present objections."); TracFone Wireless, Inc., 278 F.R.D. at 693 (finding that service of process by e-mail was reasonably calculated to apprise the defendants of the action and give it an opportunity to respond); Popular Enters., LLC, 225 F.R.D. at 563 (same); In re Int'l Telemedia Associates, 245 B.R. at 722 ("A defendant should not be allowed to evade service by confining himself to modern technological methods of communication not specifically mentioned in the Federal Rules.  Rule 4(f)(3) appears to be designed to prevent such gamesmanship by a party." (concluding e-mail and facsimile service to be appropriate)); Chanel, Inc. v. Zhibing, Case No. 09-cv-02835, 2010 WL 1009981, at *4 (W.D. Tenn. March 17, 2010) (stating that e-mail service has the "greatest likelihood" of reaching e-commerce merchants and noting, "The federal judiciary's own CM/ECF system alerts parties . . . by e-mail messages."  Alternate service via e-mail granted).[3]  Plaintiff submits that

---

[3] See, e.g., Louis Vuitton Malletier v. aaalvsale.com, Case No. 21-cv-60790-BB (S.D. Fla. April 14, 2021) (Order authorizing alternate service of process via, inter alia, e-mail); Richemont Int'l SA v. Montblanchot.com, Case No. 20-cv-61941-BLOOM, 2020 U.S. Dist. LEXIS 177239 (S.D. Fla. Sept. 25, 2020, docketed Sept. 28, 2020) (same); Chanel, Inc. v. 7areplica, 19-cv-61532-BLOOM, 2019 U.S. Dist. LEXIS 233157 (S.D. Fla. June 24, 2019, docketed June 25, 2019) (same); Mycoskie, LLC v. Individuals, Case No. 19-cv-60518-BLOOM, 2019 U.S. Dist. LEXIS 79801 (S.D. Fla. March 1, 2019) (same); Parsons Xtreme Golf, LLC v. Individuals P'ships and Unincorporated Assns. Identified on Schedule "A", Case No. 19-cv-60310-BLOOM, 2019 U.S. Dist. LEXIS 79075 (S.D. Fla. Feb. 7, 2019, docketed Feb. 8, 2019) (same).  See also Richemont Int'l SA v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A, Case No. 20-61367-CIV-ALTONAGA/Strauss, 2020 U.S. Dist. LEXIS 210762 (S.D. Fla. July 10, 2020, docketed July 13, 2020) (same); Apple Corps v. Individuals, Case No. 20-60982-CIV-DIMITROULEAS/SNOW, 2020 U.S. Dist. LEXIS 141918 (S.D. Fla. May 21, 2020) (same);

allowing e-mail service in the present case is appropriate and comports with constitutional notions of due process, particularly given Defendants' decisions to conduct their illegal businesses using the Internet and utilizing e-mail as a primary means of communication.

Additionally, service of a defendant by posting on a designated website, such as a plaintiff's website, has been deemed an appropriate means of service by website posting.  See National Association for Stock Car Auto Racing, 584 F. Supp. 2d at 826.[4]  A proposed method of website posting need only be "reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  National Association for Stock Car Auto Racing, 584 F. Supp. 2d at 826 (citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 315-16, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). In National Association for Stock Car Auto Racing, Inc. v. Does, the United States District Court for the Western District of North Carolina determined that the plaintiff could serve

Taylor Made Golf Co. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A", Case No. 20-60468-CIV-SMITH, 2020 U.S. Dist. LEXIS 109840 (S.D. Fla. April 9, 2020, docketed April 13, 2020) (same).

[4] See, e.g., Louis Vuitton Malletier v. aaalvsale.com, Case No. 21-cv-60790-BB (S.D. Fla. April 14, 2021) (Order granting alternative service via e-mail and by posting on plaintiff's designated website); Richemont Int'l SA v. Montblanchot.com, Case No. 20-cv-61941-BLOOM, 2020 U.S. Dist. LEXIS 177239 (S.D. Fla. Sept. 25, 2020, docketed Sept. 28, 2020) (same); Chanel, Inc. v. 7areplica, 19-cv-61532-BLOOM, 2019 U.S. Dist. LEXIS 233157 (S.D. Fla. June 24, 2019, docketed June 25, 2019) (same); Mycoskie, LLC v. Individuals, Case No. 19-cv-60518-BLOOM, 2019 U.S. Dist. LEXIS 79801 (S.D. Fla. March 1, 2019) (same); Parsons Xtreme Golf, LLC v. Individuals P'ships and Unincorporated Assns. Identified on Schedule "A", Case No. 19-cv-60310-BLOOM, 2019 U.S. Dist. LEXIS 79075 (S.D. Fla. Feb. 7, 2019, docketed Feb. 8, 2019) (same).  See also Richemont Int'l SA v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A, Case No. 20-61367-CIV-ALTONAGA/Strauss, 2020 U.S. Dist. LEXIS 210762 (S.D. Fla. July 10, 2020, docketed July 13, 2020) (same); Apple Corps v. Individuals, Case No. 20-60982-CIV-DIMITROULEAS/SNOW, 2020 U.S. Dist. LEXIS 141918 (S.D. Fla. May 21, 2020) (same); Taylor Made Golf Co. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule "A", Case No. 20-60468-CIV-SMITH, 2020 U.S. Dist. LEXIS 109840 (S.D. Fla. April 9, 2020, docketed April 13, 2020) (same).

"Doe" defendants and apprise those defendants of a pending preliminary injunction hearing by posting on the plaintiff's website.  Id.

Accordingly, Plaintiff has created its website which will be appearing at the URL http://servingnotice.com/Ls39fx1/index.html whereon copies of the Complaint, this Motion, and all other pleadings, documents, and orders issued in this action will be posted.  (See Gigante Decl. ¶ 6.)  The address for Plaintiff's Website will be provided to each Defendant via its known e-mail accounts and will be included as part of service of process in this matter.  (See id.)  Posting the Summonses, Complaint, and all pleadings, documents, and orders issued in this action on Plaintiff's Website will provide notice to Defendants sufficient to meet the due process requirements for service of process and notice pursuant to Federal Rule of Civil Procedure 4, apprise Defendants of the pendency of this action, and afford Defendants and any other interested parties an opportunity to present their answers and objections.

**B.    Service of Process Via Electronic Means Are Not Prohibited by International Agreement.**

Service via e-mail and via posting on a designated website are not prohibited by international agreement.  Based upon the data provided in connection with Defendants' domain name registrations and Internet websites, including all of the investigative data provided thereunder, Plaintiff has good cause to suspect Defendants are all residing and/or operating in the China, France, Japan, Pakistan, Russia, Indonesia, Singapore or other foreign countries, and/or redistribute products from sources in those countries.  (Gigante Decl. ¶ 7.)  The United States, China, France, Japan, Pakistan, and Russia are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the

"Hague Service Convention").[5] (Gigante Decl. ¶ 8 and Composite Exhibit "1" attached thereto,

Hague Service Convention and list of signatory Members.)  However, the Hague Service

Convention does not preclude the Court from authorizing service of process via e-mail or posting

on a designated website.  Additionally, there are no service treaties between the United States

and Indonesia or Singapore. (See Gigante Decl. ¶ 8.) Thus, there are no international agreements

prohibiting service by e-mail or posting on a designated website. (Id.)

Alternative means of service, such as e-mail and website posting, are not prohibited by

the Hague Service Convention where a signatory nation has not expressly objected to those

means.  See Stat Med. Devices, Inc. v. HTL-Strefa, Inc., Case No. 15-cv-20590-FAM, 2015 U.S.

Dist. LEXIS 122000 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms

of service set forth in the Hague Convention is limited to the forms of service expressly objected

to).[6]  Article 10 to the Hague Service Convention allows service of process through means other

---

[5] Indonesia and Singapore are not signatories to the Hague Convention. (See Gigante Decl. ¶ 8, n.2.)

[6] See also, Louis Vuitton Malletier v. aaalvsale.com, Case No. 21-cv-60790-BB (S.D. Fla. April 14, 2021) (authorizing e-mail service and by posting on plaintiff's designated website, noting an objection to the alternative means of service provided by the Hague Convention is expressly limited to those means and does not represent an objection to other forms of service, such e-mail or website posting); Richemont Int'l SA v. Montblanchot.com, Case No. 20-cv-61941-BLOOM, 2020 U.S. Dist. LEXIS 177239 (S.D. Fla. Sept. 25, 2020, docketed Sept. 28, 2020) (same); Chanel, Inc. v. 7areplica, 19-cv-61532-BLOOM, 2019 U.S. Dist. LEXIS 233157 (S.D. Fla. June 24, 2019, docketed June 25, 2019) (same); Mycoskie, LLC v. Individuals, Case No. 19-cv-60518-BLOOM, 2019 U.S. Dist. LEXIS 79801 (S.D. Fla. March 1, 2019) (same).  See also Richemont Int'l SA v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule A, Case No. 20-61367-CIV-ALTONAGA/Strauss, 2020 U.S. Dist. LEXIS 210762 (S.D. Fla. July 10, 2020, docketed July 13, 2020) (same); Apple Corps v. Individuals, Case No. 20-60982-CIV-DIMITROULEAS/SNOW, 2020 U.S. Dist. LEXIS 141918 (S.D. Fla. May 21, 2020) (same); Taylor Made Golf Co. v. Individuals, P'ships & Unincorporated Ass'ns Identified on Schedule

than a signatory's Central Authority, such as "postal channels" and "judicial officers," provided the State of destination does not object to those means.  See Hague Convention, Art. 10, 20 U.S.T. 361 (1969).  China, Japan, Pakistan, and Russia have objected, either fully or partially, to the alternative means of service outlined in Article 10 of the Convention.[7]  (Gigante Decl. ¶ 8.)  However, those objections are specifically limited to the means of service enumerated in Article 10, and further, China, France, Japan, Pakistan, and Russia have not expressly objected to service via e-mail or website posting.  (Gigante Decl. ¶ 8; see also Comp. Ex. 1 thereto, true and correct printouts of China's, France's, Japan's, Pakistan's, and Russia's respective Declaration / Reservation / Notification in regards to the Hague Convention.)  Because the declarations to the Hague Convention filed by China, France, Japan, Pakistan, and Russia do not object to e-mail and website posting service, "a court acting under Rule 4(f)(3) remains free to order alternative means of service that are not specifically referenced in Article [10]."  Gurung v. Malhotra, 279 F.R.D. 215, 219 (S.D.N.Y. 2011); see also WhosHere, Inc. v. Orun, Case No. 13-cv-00526-AJT, 2014 U.S. Dist. LEXIS 22084, at *9 (E.D. Va. Feb. 20, 2014) (authorizing e-mail service, noting objection to means of service listed in Article 10 "is specifically limited to the enumerated means of service in Article 10.").

Moreover, an objection to the alternative means of service provided in Article 10 does not represent a *per se* objection to other forms of service, such e-mail or website posting. See In re S. African Apartheid Litig., 643 F. Supp. 2d 423, 434, 437 (S.D.N.Y. 2009) (requiring express

---

"A", Case No. 20-60468-CIV-SMITH, 2020 U.S. Dist. LEXIS 109840 (S.D. Fla. April 9, 2020, docketed April 13, 2020) (same).

[7]  France does not object to the alternate means of service, including postal channels, as outlined in Article 10 of the convention. Japan and Pakistan have not declared any opposition to the alternative means of service by postal channels outlined in Article 10(a) of the Hague Convention. (See Gigante Decl. ¶ 8, n.4.)

objection to alternative method of service by signatory nation to preclude that particular means of service).  Consequently, China's, Japan's, Pakistan's, and Russia's objection to the means of alternative service provided in Article 10 is no bar to court-directed service and does not prevent this Court from authorizing alternative service of process via e-mail or website posting. See, e.g., Gurung, 279 F.R.D. at 220 (approving service of process on foreign defendants via e-mail despite India's objection to Article 10, stating that an "objection to service through postal channels does not amount to an express rejection of service via electronic mail."); Stat Med. Devices, Inc., 2015 U.S. Dist. LEXIS 122000 at *8-9 (permitting service of process on foreign defendants via e-mail and substituted service on domestic counsel despite Poland's objection to Article 10, noting "This Court and many other federal courts have permitted service by electronic mail and determined that an objection to Article 10 of the Hague Convention . . . does not equate to an express objection to service via electronic mail."); FTC v. PCCare247 Inc., Case No. 12-cv-7189-PAE, 2013 U.S. Dist. LEXIS 31969, at * 10 (S.D.N.Y. March 7, 2013) (authorizing service of process via email and Facebook, explaining that "Numerous courts have held that service by email does not violate any international agreement where the objections of the recipient nation are limited to those means enumerated in Article 10."); WhosHere, Inc., 2014 U.S. Dist. LEXIS 22084 (authorizing service of process on foreign defendants via e-mail despite Turkey's objection to Article 10); Richmond Techs., Inc. v. Aumtech Bus. Solutions, Case No. 11-CV-02460-LHK, 2011 U.S. Dist. LEXIS 71269 (N.D. Cal. July 1, 2011) ("[N]umerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that, like India, have objected to the alternative forms of service permitted under Article 10 of the Hague Convention.").

IV.     **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests this Court grant the present

motion and authorize service of the Summonses, the Complaint, and all filings and discovery in

this matter upon each Defendant in this action:

(1)     via e-mail by providing the address to Plaintiff's designated serving notice

website to Defendants via the e-mail address provided by that Defendant as part of the domain

registration records for each of their respective domain names, including service via registrar, or

on the Internet websites operating under each of their respective corresponding domain names,

including customer service e-mail addresses and onsite contact forms, as identified on Schedule

"A" hereto; and

(2)     via website posting by posting a copy of the Complaint, Summonses, and all

filings and discovery on Plaintiff's designated serving notice website appearing at the URL

http://servingnotice.com/Ls39fx1/index.html.

DATED: February 4, 2021.              Respectfully submitted,

                                      STEPHEN M. GAFFIGAN, P.A.

                                      By: **Virgilio Gigante**/_____
                                      Stephen M. Gaffigan (Fla. Bar No. 025844)
                                      Virgilio Gigante (Fla. Bar No. 082635)
                                      T. Raquel Wiborg-Rodriguez (Fla. Bar No. 103372)
                                      401 East Las Olas Blvd., #130-453
                                      Ft. Lauderdale, Florida 33301
                                      Telephone: (954) 767-4819
                                      E-mail: stephen@smgpa.net
                                      E-mail: leo@smgpa.net
                                      E-mail: raquel@smgpa.net

                                      Attorneys for Plaintiff Louis Vuitton Malletier

**SCHEDULE A**
**DEFENDANTS BY NUMBER, SUBJECT DOMAIN NAME,**
**AND MEANS OF CONTACT**

| Defendant Number | Defendant / Subject Domain Name | Means Of Contact |
|---|---|---|
| 1 | lvhut.net | service@lvhut.net<br>9ac1d8e3f955409880a56589b50a8d3c.protect@withheldforprivacy.com |
| 2 | louis-special-sale.shop | louis@help-service.vip |
| 3 | goslouisvuitton.com | http://whois.xinnet.com/sendemail/goslouisvuitton.com |
| 4 | louisved.xyz | support@clientvip.biz |
| 5 | louisvued.com | support@clientvip.biz |
| 6 | louisvuitton-my.site | support@clientvip.biz |
| 7 | lovelvbag.store | fashionstore1999@outlook.com |
| 8 | lvicon.online | support@clientvip.biz |
| 9 | lv-malaysia.store | support@clientvip.biz |
| 10 | lvoutlet.ca | service@lvhut.net |
| 11 | lvreplicashop.com | reazeemady66@gmail.com<br>pw-e29d1aa531c4c5fc1d1c5f1c846bd164@privacyguardian.org |
| 12 | lv-thegardens.com | support@clientvip.biz |
| 13 | malaysia-lv.com | support@clientvip.biz |
| 14 | malaysia-lvbag.store | support@clientvip.biz |
| 15 | my-lvbag.info | support@clientvip.biz |
| 16 | perfectlouisvuittonsale.com | salestores666@gmail.com<br>shayewmallory23@gmail.com<br>pw-92a605401c3ae22ed5c120846a11b0e7@privacyguardian.org |
| 17 | replicalvonline.com | michelle@designeronsell.com<br>pw-54805e67a63be095dce91ce20ac697a5@privacyguardian.org |
| 18 | thegardens-lv-kl.com | support@clientvip.biz |
| 19 | toplvmall.com | support@toplvmall.com |
| 20 | aaaluxurybags.com | 453505880@qq.com |
| 21 | 66shop.ru | xvbagcom@163.com |
| 22 | aaaclothing.ru | payment@aaashirt.ru |
| 23 | aaapurse.nu | https://www.aaapurse.nu/contact-us/ |
| 24 | aaareplica.co | perfect-luxury@outlook.com |
| 25 | aaraplica.com | aareplicaco@outlook.com |
| 26 | abcbyiktuys.pw | luxurystoreforall@gmail.com |
| 27 | acmaaslea.top | https://acmaaslea.top/index.php?main_page=contact_us |
| 28 | addnss.com | service.luxurycloset@outlook.com<br>pw-28665f641dba94957e912a4435bba328@privacyguardian.org |
| 29 | aimji.live | support@clientvip.biz |
| 30 | annjxauo.top | https://annjxauo.top/index.php?main_page=contact_us |

16

| 31 | associateadapt.top | elinor@cementfresh.work |
|----|---|---|
| 32 | bagsreplica.de | https://bagsreplica.de/index.php?route=information/contact |
| 33 | baofse.top | https://baofse.top/index.php?main_page=contact_us |
| 34 | bdkind.store | jay20190917@gmail.com |
| 35 | bdznednz.top | https://bdznednz.top/index.php?main_page=contact_us |
| 36 | bestbag.shop | abuse@namesilo.com |
| 37 | bestqualityreplica.ru | sales@bestqualityreplica.ru |
| 38 | btsmud.top | https://btsmud.top/index.php?main_page=contact_us |
| 39 | buyebag.top | https://buyebag.top/index.php?main_page=contact_us |
| 40 | bvcnta.top | https://bvcnta.top/index.php?main_page=contact_us |
| 41 | bxsyeao.top | https://bxsyeao.top/index.php?main_page=contact_us |
| 42 | cbhjskv.top | https://cbhjskv.top/index.php?main_page=contact_us |
| 43 | cdftbag.top | https://cdftbag.top/index.php?main_page=contact_us |
| 44 | chinareplicbagas.com | https://www.dolabuy.ru/contact_us.html |
| 44 | dolabuy.ru | pw-104a47b5a60debcd4fe7974d0cb965c7@privacyguardian.org<br>https://www.dolabuy.ru/contact_us.html |
| 44 | replicacloibag.com | replicacloibag.com@whoisprotection.domains |
| 44 | thebagsreplicas.com | pw-6021c8873ad8eb0f82feb23f586f117e@privacyguardian.org |
| 45 | cmsbeb.top | https://cmsbeb.top/index.php?main_page=contact_us |
| 46 | cnaveua.top | https://cnaveua.top/index.php?main_page=contact_us |
| 47 | cnvjgrks.top | https://cnvjgrks.top/index.php?main_page=contact_us |
| 48 | copybagssale.com | romlyharvey12@gmail.com<br>pw-2ba9aefd577d5f8753952f66b30ba958@privacyguardian.org |
| 49 | copyforbags.com | shayewmallory23@gmail.com<br>pw-290f087957f709189d0dedfb032a6ee4@privacyguardian.org |
| 50 | corabags.ru | service@corabags.ru |
| 51 | csffbg.top | https://csffbg.top/index.php?main_page=contact_us |
| 52 | daphnesale.ru | daphnesale@qq.com |
| 53 | demakoaf.top | https://demakoaf.top/index.php?main_page=contact_us |
| 54 | dfsdfgrg.shop | service.luxurycloset@outlook.com |
| 55 | dropthenew.com | contact@dropthenew.com<br>contact@dropthenew.fr<br>https://dropthenew.com/pages/contactez-nous |
| 56 | dvrcbht.top | https://dvrcbht.top/index.php?main_page=contact_us |
| 57 | e8bags.co | http://e8bags.co/contacts/ |
| 58 | ehdgfsh.top | https://ehdgfsh.top/index.php?main_page=contact_us |
| 59 | eyushi.top | https://eyushi.top/index.php?main_page=contact_us |
| 60 | ezzcc.com | replic4a@hotmail.com<br>erminugx91578@gmail.com |
| 61 | fabag.ru | fabagshop@hotmail.com |

| 62 | fakescu.com | watchwhirl@gmail.com<br>pw-2867abc9df02e5c52fb4d69783953032@privacyguardian.org |
| 63 | famouside.com | pw-350e9991034d12d2b9e75a750ad9e9f7@privacyguardian.org |
| 64 | fashionbags-sale.com | replic4a@hotmail.com |
| 65 | fashionhouse.buzz | contact4@tokjinyu.com |
| 66 | fasionoto.ru | fasionoto@gmail.com |
| 67 | fauxbagsale.com | watchwhirl@gmail.com<br>pw-1091dc23fb030ce470da2527332bfe48@privacyguardian.org |
| 68 | fcdshsu.top | https://mnchwa.top/index.php?main_page=contact_us |
| 68 | mnchwa.top | https://mnchwa.top/index.php?main_page=contact_us |
| 69 | fxtayhk.top | service@severalgoods.com |
| 70 | gdhnawo.top | https://gdhnawo.top/index.php?main_page=contact_us |
| 71 | handbagsreplicastore.com | shayewmallory23@gmail.com<br>lisapeel95@gmail.com<br>pw-ff582fcc81b7fa27d8ab4c7ad977fbd9@privacyguardian.org |
| 72 | hbndgyw.top | https://hbndgyw.top/index.php?main_page=contact_us |
| 73 | hellosneaker.ru | hellosnkr.ru@gmail.com |
| 74 | kindsneaker.net | kindsneaker9785@gmail.com |
| 75 | kopi-6.com | kopi6jp@yeah.net |
| 76 | krosshop24.ru | https://krosshop24.ru/contact-us/ |
| 77 | lianwholesale.com | lianjue@yahoo.com |
| 78 | lilysale.ru | lilysite@qq.com |
| 78 | lilysite.ru | lilysite@qq.com |
| 79 | luxcrime.ru | luxprime.ru@yandex.ru |
| 79 | lux-crime.ru | luxprime.ru@yandex.ru |
| 80 | luxebagseu.com | jackshopservice@outlook.com<br>pw-bab323f30f36acb996bbf0a01f61c7dc@privacyguardian.org |
| 81 | luxesborse.com | jackshopservice@outlook.com<br>702187062@qq.com |
| 82 | luxruy.com | luxurybag2013@hotmail.com |
| 83 | luxury2018.com | luxury201888@163.com |
| 84 | luxurybagaa.com | jackshopservice@outlook.com |
| 85 | luxurybagoutlet.com | pw-13ab54734c825d1b64d638165094f6b2@privacyguardian.org |
| 86 | luxurymybag.com | watchwhirl@gmail.com<br>pw-e8aabfaa701ecfa5d0633490bc48b9fc@privacyguardian.org |
| 87 | luxuryshoesu.de | jackshopservice@outlook.com |
| 88 | luxurysuu.com | 702187062@qq.com |
| 89 | luxurytasticreps.ru | info@luxurytasticmail.com |
| 90 | luxusdiva.com | hello@luxusdiva.com<br>56b14efc678e4281aeb2e3deadd0240b.protect@withheldforprivacy.com |
| 91 | mandybrands-03.com | https://www.1api.net/send-message/mandybrands-03.com/registrant |
| 92 | mcdeue.top | https://mcdeue.top/index.php?main_page=contact_us |

| 93 | mchaui.top | https://mchaui.top/index.php?main_page=contact_us |
|---|---|---|
| 94 | mckswh.top | https://mckswh.top/index.php?main_page=contact_us |
| 95 | mdjitcx.top | https://mdjitcx.top/index.php?main_page=contact_us |
| 96 | methodc.com | https://www.1api.net/send-message/methodc.com/registrant |
| 97 | mfjernc.top | https://mfjernc.top/index.php?main_page=contact_us |
| 98 | mfvjrsew.top | https://mfvjrsew.top/index.php?main_page=contact_us |
| 99 | mgifkdls.top | https://mgifkdls.top/index.php?main_page=contact_us |
| 100 | mgsaywa.top | https://mgsaywa.top/index.php?main_page=contact_us |
| 101 | mhsebag.top | https://mhsebag.top/index.php?main_page=contact_us |
| 102 | mhycbag.top | https://mhycbag.top/index.php?main_page=contact_us |
| 103 | mnxhua.top | https://mnxhua.top/index.php?main_page=contact_us |
| 104 | mnxwok.top | https://mnxwok.top/index.php?main_page=contact_us |
| 105 | modecina.cn | 2608304149@qq.com |
| 105 | modecina.ru | https://www.nic.ru/whois/send-message/?domain=modecina.ru |
| 106 | mxnbzw.top | https://mxnbzw.top/index.php?main_page=contact_us |
| 107 | mxsajkw.top | https://mxsajkw.top/index.php?main_page=contact_us |
| 108 | mzbhwu.top | https://mzbhwu.top/index.php?main_page=contact_us |
| 109 | nbvrtyf.top | huangxf2020@gmail.com |
| 110 | ncaxzjbn.top | https://ncaxzjbn.top/index.php?main_page=contact_us |
| 111 | nceubag.top | https://nceubag.top/index.php?main_page=contact_us |
| 112 | ncmfjrs.top | https://ncmfjrs.top/index.php?main_page=contact_us |
| 113 | ncrsfsd.top | https://ncrsfsd.top/index.php?main_page=contact_us |
| 114 | ncyesizs.top | https://ncyesizs.top/index.php?main_page=contact_us |
| 115 | ndsyve.top | https://ndsyve.top/index.php?main_page=contact_us |
| 116 | neverfulloutlet.com | service@neverfulloutlet.com<br>service@lvhut.net |
| 117 | newbuybuystations.com | krisjoanna798@gmail.com |
| 118 | ngfsfsfd.top | https://ngfsfsfd.top/index.php?main_page=contact_us |
| 119 | nmjhac.top | https://nmjhac.top/index.php?main_page=contact_us |
| 120 | nvxdedx.top | https://nvxdedx.top/index.php?main_page=contact_us |
| 121 | nyseti.top | https://nyseti.top/index.php?main_page=contact_us |
| 122 | originalhandbag.top | https://www.originalhandbag.top/contact_us.html |
| 123 | outletborsa.net | borsesconto@gmail.com<br>pw-4c3719c2b3fd9b9d680a938d4ec73eb1@privacyguardian.org |
| 124 | perfectfakebags.com | salestores666@gmail.com<br>pw-b2d31152fa83ee92727a639c7f1171ca@privacyguardian.org |
| 125 | pkajstore.com | ali1688lin@gmail.com |
| 126 | pkshoe.com | https://pkshoe.com/index.php?route=information/contact |
| 126 | pkshoe.net | https://pkshoe.net/index.php?route=information/contact |
| 127 | popbrandcenter.com | 123456@gmail.com |

| 128 | pursevalleyfactory.la | https://www.pursevalleyfactory.la/contactus/ |
|---|---|---|
| 129 | qdfdny.top | https://qdfdny.top/index.php?main_page=contact_us |
| 130 | qdncz.top | servers@chlomail.com |
| 131 | qualitybestbags.com | watchwhirl@gmail.com<br>pw-76e50c1101b2a064ac6573e3e9a4bb3d@privacyguardian.org |
| 132 | realfashion24.com | bb62de1b9b2244408190cd0570dbe715.protect@withheldforprivacy.com |
| 133 | replica-watches-germany.com | replicawatches333@gmail.com<br>info@replicawatchkarachi.pk<br>contact@privacyprotect.org |
| 134 | replicawatchespro.co | sale@replicawatchespro.co |
| 135 | replicaxi.com | salestores666@gmail.com<br>pw-ae88c4288c9432c3ff900af2bdb2e38c@privacyguardian.org |
| 136 | resinstatue.club | louis@help-service.vip |
| 137 | sdehbag.top | https://sdehbag.top/index.php?main_page=contact_us |
| 138 | sffp.shop | https://sffp.shop/index.php?main_page=contact_us |
| 139 | sneakerinbox.com | support@sneakerinbox.com |
| 140 | taikcmj.top | https://taikcmj.top/index.php?main_page=contact_us |
| 141 | tangerjapanoutlet.com | baby@outletsclub.info |
| 142 | thcodway.com | support@clientvip.biz |
| 143 | theybag.top | https://theybag.top/index.php?main_page=contact_us |
| 144 | tikhub.ru | tikhubbag@gmail.com |
| 145 | toplifeshop.com | https://www.toplifeshop.com/#:~:text=mail%3atoplifeshoping%40gmail.com |
| 146 | towbag.shop | kyneshiaclroxvl@gmail.com |
| 147 | udifskb.top | https://udifskb.top/index.php?main_page=contact_us |
| 148 | uenmbag.top | https://uenmbag.top/index.php?main_page=contact_us |
| 149 | uhdsahwo.top | https://uhdsahwo.top/index.php?main_page=contact_us |
| 150 | ujhyfsdt.top | https://ujhyfsdt.top/index.php?main_page=contact_us |
| 151 | vipsluxurybags.com | vbagsstore@hotmail.com |
| 152 | vlixcolux.com | wennie.tjemerlang@gmail.com |
| 153 | vmnxjews.top | https://vmnxjews.top/index.php?main_page=contact_us |
| 154 | wdvbf.top | https://wdvbf.top/index.php?main_page=contact_us |
| 155 | wfvnbag.top | https://wfvnbag.top/index.php?main_page=contact_us |
| 156 | xcfwnm.top | https://xcfwnm.top/index.php?main_page=contact_us |
| 157 | xndjosen.top | https://xndjosen.top/index.php?main_page=contact_us |
| 158 | xnhyao.top | https://xnhyao.top/index.php?main_page=contact_us |
| 159 | xnwyid.top | https://xnwyid.top/index.php?main_page=contact_us |
| 160 | yangyuejianqiali.com | 742850137@qq.com |
| 161 | yfkew.com | servers@chlomail.com |
| 162 | yreplicabags.com | salestores666@gmail.com<br>pw-a53e48ca18bf4df236de83d22d13bb2a@privacyguardian.org |
| 163 | ytgfdlcm.top | https://ytgfdlcm.top/index.php?main_page=contact_us |

| 164 | ytrfegh.top | https://ytrfegh.top/index.php?main_page=contact_us |