UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-60228-CIV-BLOOM/VALLE

LOUIS VUITTON MALLETIER,

        Plaintiff,

vs.

LVHUT.NET, *et al.*,

        Defendants.

_____/

**DECLARATION OF VIRGILIO GIGANTE IN SUPPORT OF
PLAINTIFF'S *EX PARTE* MOTION FOR ORDER
AUTHORIZING ALTERNATE SERVICE OF PROCESS**

    I, Virgilio Gigante, declare and state as follows:

    1.    I am an attorney duly authorized and licensed to practice before this Court, and I am one of the counsels of record for Plaintiff, Louis Vuitton Malletier ("Louis Vuitton" or "Plaintiff") in the above captioned action. I submit this Declaration, which is filed in support of Plaintiff's *Ex Parte*[1] Motion for Order Authorizing Alternate Service of Process (the "Motion for Alternate Service") on Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" to Plaintiff's Motion for Alternate Service ("Defendants"). I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the following facts set forth below.

---

[1] Plaintiff's Application for TRO is currently pending before the Court. Plaintiff's Motion for Alternate Service makes reference to Plaintiff's *Ex Parte* Application for TRO, and as such, Plaintiff seeks to prevent premature disclosure of that filing. Accordingly, Plaintiff is moving for alternate service *ex parte* as Plaintiff has yet to provide Defendants with notice of this action.

2.      On February 4, 2021, Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction (the "Application for TRO") ECF No. [6].  I hereby incorporate by reference all factual allegations contained in my Declaration in Support of Plaintiff's Application for TRO ECF No. [6-3].

3.      Prior to filing this action, my firm accessed the fully interactive, commercial Internet websites operating under the domain names identified on Schedule "A" attached to Plaintiff's Complaint (the "Subject Domain Names").  The websites advertise, offer for sale, and/or promote Louis Vuitton branded products.  Defendants have structured their website businesses so that the primary means for customers to purchase Defendants' counterfeit goods at issue is by placing an order electronically. Defendants purport to take and confirm orders online as well via e-mail and/or private messaging services such as WhatsApp and WeChat, or via phone and they communicate with customers via electronic means, including e-mail and onsite contact forms.  True and correct copies of the relevant web pages captured and downloaded by my firm reflecting samples of the Internet websites operating under the Subject Domain Names displaying the Louis Vuitton branded items offered for sale are attached as Composite Exhibit "2" to Plaintiff's Complaint [ECF Nos. 1-3 through 1-5].

4.      My firm obtained the publicly available domain name registration data ("WHOIS" records) for the Internet websites operating under Defendants' Subject Domain Names.  Additionally, my firm obtained the available e-mail addresses and onsite contact forms identified in connection with Defendants' respective Internet websites. The e-mail addresses and other means of electronic contact for Defendants are provided on Schedule "A" to Plaintiff's Motion for Alternate Service.

5.      Each Defendant will be provided with notice of this action electronically via e-mail by providing the address to Plaintiff's designated serving notice website to the e-mail addresses provided by Defendants as part of the domain registration data for each of the Subject Domain Names or on their respective websites operating thereunder, including customer service e-mail addresses and onsite contact forms, or via their designated Registrar's domain owner contact form or email address. In this manner, Defendants will receive a web address at which they can access all electronic filings to view, print, or download any document filed in the case similar to the court's CM/ECF procedures.

6.      Additionally, Plaintiff will notify Defendants of this action via website posting. Plaintiff has created a serving notice website and will be posting copies of the Complaint, the Application for TRO, this Motion, and all other pleadings, documents, and orders on file in this action on its designated website located at http://servingnotice.com/Ls39fx1/index.html ("Plaintiff's Website"), such that anyone accessing Plaintiff's Website will find copies of all documents filed in this action.  The address for Plaintiff's Website will be provided to Defendants via their known e-mail accounts, and will be included as part of service of process in this matter.

7.      Plaintiff has investigated Defendants and has reasonable cause to suspect Defendants may reside and/or operate in China, France, Japan, Pakistan, Russia, Indonesia, Singapore, or other foreign countries, and/or redistribute products from sources in those countries.  Plaintiff's investigation looked at multiple connection data points, such as data Defendants identified in the WHOIS records for each of their respective Subject Domain Names, as well as information contained on Defendants' actual websites operating thereunder and investigative data in connection to the websites. While Plaintiff has not been able to determine

Defendants' exact locations, Plaintiff has good cause to believe Defendants are not residents of the United States.

8. I reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention"), to which the United States, China, France, Japan, Pakistan, and Russia are signatories.[2] A true and correct copy of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters and a list of the signatory Members are attached hereto as Composite Exhibit "1."[3] China, Japan, Pakistan, and Russia, have declared that they oppose, either fully or partially, to the service of documents in its territory by the alternative means of service outlined in Article 10 of the Convention, including the service of process by postal channels.[4] However, the Hague Convention does not preclude service by e-mail, and the declarations to the Hague Convention filed by China, France, Japan, Pakistan, and Russia, do not expressly prohibit service via e-mail or website posting.[5] Additionally, I have not been able to

---

[2] Indonesia and Singapore are not signatories to the Hague Convention.

[3] See also Hague Service Convention, November 15, 1965, 20 U.S.T. 361, available at https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited February 2, 2022) (full text of the Hague Service Convention); https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last visited February 2, 2022) (listing the current contracting states).

[4] France does not object to the alternate means of service, including postal channels, as outlined in Article 10 of the convention. Japan and Pakistan have not declared any opposition to the alternative means of service by postal channels outlined in Article 10(a) of the Hague Convention.

[5] Composite Exhibit "1" also contains a true and correct printout of China's, France's, Japan's, Pakistan's, and Russia's, Declaration / Reservation / Notification in regards to the Hague Convention, available at https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn (last visited February 2, 2022); https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=401&disp=resdn (last visited February 2, 2022);

4

identify any other treaties between the United States and Indonesia or Singapore that govern service of process in a civil matter.[6]  Thus, there are no international agreements prohibiting service by e-mail.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 4 day of February, 2022, at Fort Lauerdale, Florida.

_____
Virgilio Gigante

---

https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=407&disp=resdn (last visited February 2, 2022); https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=436&disp=resdn (last visited February 2, 2022); https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=418&disp=resdn (last visited February 2, 2022); https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=427&disp=resdn (last visited February 2, 2022); respectively.

[6] See United States Department of State, Treaties in Force, available at http://www.state.gov/s/l/treaty/tif/index.htm (last visited February 2, 2022).