## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 22-cv-60228-BLOOM/Valle

LOUIS VUITTON MALLETIER,

              Plaintiff,

vs.

LVHUT.NET, *et al.*,

              Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR ENTRY OF TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON MOTION FOR PRELIMINARY INJUNCTION

**THIS CAUSE** is before the Court upon Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction ECF No. [6] (the "Application for Temporary Restraining Order"). The Court has carefully considered the Application for Temporary Restraining Order, the record in this case, and the applicable law, and is otherwise fully advised.

By the instant Application, Plaintiff, Louis Vuitton Malletier, moves, *ex parte*, pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 and The All Writs Act, 28 U.S.C. § 1651(a), for entry of a temporary restraining order against Defendants,[1] and upon expiration of the temporary restraining order, a preliminary injunction against Defendants, for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and (d). Because Plaintiff has satisfied the

---

[1] Defendants are the Individuals, Business Entities, and Unincorporated Associations identified on Schedule "A" hereto (collectively "Defendants").

requirements for the issuance of a temporary restraining order, the Court grants Plaintiff's

Application for Temporary Restraining Order**.**

## I.    **FACTUAL BACKGROUND**[2]

Plaintiff is the registered owner of the following trademarks, which are valid and registered

on the Principal Register of the United States Patent and Trademark Office (the "Louis Vuitton

Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| | 0,297,594 | September 20, 1932 | IC 18. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, and pocketbooks. |
| LOUIS VUITTON | 1,045,932 | August 10, 1976 | IC 18. Luggage and ladies' handbags. |
| | 1,519,828 | January 10, 1989 | IC 18. Trunks, valises, traveling bags, satchels, hat boxes and shoe boxes used for luggage, hand bags, pocketbooks. |
| | 1,770,131 | May 11, 1993 | IC 25. Clothing for men and women, namely, shawls, sashes, scarves; headgear. |
| | 1,794,905 | September 28, 1993 | IC 16. Stationery, pads of stationery, calendars, indexes for articles made for travellers, notebooks, envelopes; writing paper, office requisites in the nature of writing pads, pencil holders, pen cases, pencil cases, nibs, nibs of gold, inkwells, inkstands. IC 25. Clothing for men and women; namely belts, shawls, sashes, scarves; footwear headgear. |
| | 1,938,808 | November 28, 1995 | IC 14. Jewelry, watches and straps for wrist watches. IC 24. Travel blankets made of textile. |

---

[2] The factual background is taken from Plaintiff's Complaint, ECF No. [1], Plaintiff's Application for Temporary Restraining Order, ECF No. [6], and supporting evidentiary submissions. Plaintiff filed declarations and exhibits annexed thereto in support of its Application for Temporary Restraining Order. The declarations are available in the docket at the following entries: Declaration of Hadrien Huet, ECF No. [6-2], and Declaration of Virgilio Gigante, ECF No. [6-3].

| | | | |
|---|---|---|---|
| LOUIS VUITTON | 1,990,760 | August 6, 1996 | IC 14. Watches and straps for wrist watches.<br>IC 16. Catalogues featuring luggage and travel accessories, bags, small leather goods, and garments; notebooks, anthologies, and pamphlets referring to travel; calendars; telephone indexes; fountain pens, ballpoint pens, nibs, covers for pocket and desk diaries, and checkbook holders.<br>IC 18. Trunks; traveling trunks; suitcases; traveling bags; luggage; garment bags for travel; hat boxes for travel; shoe bags for travel; umbrellas; animal carriers; rucksacks; haversacks; leather or textile shopping bags; beach bags; handbags; vanity cases sold empty; attaché cases; tote bags, travel satchels; clutch bags; briefcases; wallets; pocket wallets; credit card cases; business card cases; bill and card holders; checkbook holders; key cases; change purses; briefcase-type portfolios.<br>IC 24. Travel blankets<br>IC 25. Shirts; sweatshirts; polo shirts; T-shirts; headwear; jackets; ties; belts; shawls; scarves. |
|  | 2,177,828 | August 4, 1998 | IC 14. Goods made of precious metals, namely, shoe ornaments, ornamental pins; jewelry, namely, rings, ear rings, cufflinks, bracelets, charms, necklaces; horological instruments, straps for watches, watches and wrist-watches, and cases for watches.<br>IC 18. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, and credit card cases, umbrellas.<br>IC 25. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |

| | | | |
|---|---|---|---|
|  | 2,181,753 | August 18, 1998 | IC 14. Jewelry, namely, rings, ear rings, bracelets, charms, necklaces, horological instruments, straps for watches, watches, and wrist-watches, and cases for watches.<br>IC 18. Goods made of leather or imitations of leather are not included in other classes, namely, boxes made from leather; trunks, valises, traveling bags, luggage for travel, garment bags for travel, vanity cases sold empty, rucksacks, hand bags, beach bags, shopping bags, shoulder bags, attaché cases, briefcases, and fine leather goods, namely, pocket wallets, purses, leather key holders, business card cases, calling card cases, credit card cases, and umbrellas.<br>IC 25. Clothing and underwear, namely, shirts, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, belts, shoes, boots, and sandals. |
|  | 2,361,695 | June 27, 2000 | IC 25. Clothing, namely, sweaters, shirts, sweatshirts, polo shirts, t-shirts, suits, waistcoats, raincoats, skirts, coats, pullovers, trousers, dresses, jackets, shawls, stoles, scarves, neckties, pocket squares, pocket handkerchief squares for wear, gloves, ties, belts, bathing suits, shoes, boots and sandals, and hats. |
| <br>LOUIS VUITTON PARIS | 2,378,388 | August 22, 2000 | IC 18. Goods made of leather or imitations of leather not included in other classes, namely, boxes of leather principally used for travel purposes, trunks, valises, traveling bags, * traveling sets for containing cosmetics and jewelry, * handbags, beach bags, shopping bags, shoulder bags, brief cases, pouches, fine leather goods namely, pocket wallets, purses, key cases, business card cases, credit card cases. |
|  | 2,399,161 | October 31, 2000 | IC 25. Cothing and underwear, namely, shirts, polo shirts, t-shirts, waistcoats, raincoats, skirts, coats, trousers, dresses, jackets, shawls, stoles, scarves, neckties, gloves, ties, belts, bathing suits, shoes, boots and sandals, hats. |

Case No. 22-cv-60228-BLOOM/Valle

| | | | |
|---|---|---|---|
|  | 2,773,107 | October 14, 2003 | IC 14. Jewelry including rings, earrings, cuff links, bracelets, charms, necklaces, and medallions; horological and chronometric instruments and apparatus, namely, watches,<br>IC 18. Travel bags, travel bags made of leather; luggage trunks and valises, garment bags for travel, vanity-cases sold empty; rucksacks, shoulder bags, handbags; attaché cases, briefcases, drawstring pouches, pocket wallets, purses, umbrellas, business card cases made of leather or of imitation leather, credit card cases made of leather or of imitation leather; key holders made of leather or of imitation leather.<br>IC 25. Clothing, namely, shirts, T-shirts, belts, scarves, neck ties, shawls, skirts, raincoats, overcoats, trousers, jeans, pullovers, frocks, highheeled shoes, low-heeled shoes, boots, tennis shoes; hats |
| LOUIS VUITTON | 2,904,197 | November 23, 2004 | IC 14: jewelry, namely, rings, earrings, cuff links, bracelets, charms, necklaces, (( tie pins, and medallions; keyrings made of precious metal; )) horological and chronometric instruments, namely, watches, wrist-watches, (( clocks, )) (( alarm clocks; )) straps for wrist-watches and watch cases. |
| LOUIS VUITTON | 2,909,003 | December 7, 2004 | IC 009. Optical instruments and apparatus, namely, spectacles, eyeglasses, spectacle cases.<br>IC 024. Textiles and textile goods, namely, household linen including bed [ and bath ] linen [, handkerchiefs of textile ]. |
|  | 3,107,072 | June 20, 2006 | IC 09. Spectacles, sunglasses and spectacle cases.<br>IC 14. Jewelry, namely, rings, earrings and ear clips, cuff links, bracelets, charms, necklaces, tie pins, medallions; horological and chronometric apparatus and instruments, namely, watches, watch cases, alarm clocks; jewelry boxes of precious metal, their alloys or coated therewith.<br>IC 18. Leather and imitation leather products, namely, traveling bags, traveling sets comprised of bags or luggage, trunks and suitcases, garment bags for travel purposes; vanity cases sold empty, rucksacks, shoulder bags, handbags, attaché cases, document wallets and briefcases made of leather, pouches made of leather, wallets, purses, key cases, business card cases, credit card cases; umbrellas.<br>IC 25. Clothing and undergarments, namely, shirts, tee-shirts, belts, scarves, neckties, shawls, skirts, raincoats, overcoats, trousers, denim trousers, dresses, jackets, sashes for wear, bathing suits, shoes, boots. |

| | | | |
|---|---|---|---|
|  | 3,576,404 | February 17, 2009 | IC 18: boxes of leather or imitation leather for packaging and carrying goods, trunks, suitcases, traveling sets comprised of matching luggage, traveling bags, luggage, garment bags for travel, ((vanity cases not fitted, )) toiletry cases sold empty, rucksacks, satchels, handbags, beach bags, leather shopping bags, sling bags, suit carriers, shoulder bags, waist bags, purses, travel cases, briefcases, briefcase-type portfolios, leather pouches, wallets, change purses, key cases, business card cases, calling card cases. |
|  | 4,192,541 | August 21, 2012 | IC 03. Soaps for personal use; perfumery; essential oils; cosmetics; creams for the hair, face, and body; lotions for the hair, face, and body; shower and bath gels; shower and bath preparations; shampoos; make-up preparations, namely, foundations, lipsticks, eye shadows, mascara, make-up powder, and nail polish. IC 09. Sunglasses; spectacles; optical lenses; spectacle cases; telephones; mobile telephones; smart phones; PC tablets; personal digital assistants; MP3 players; accessories for telephones, mobile telephones, smart phones, PC tablets, personal digital assistants, and MP3 players, namely, hands-free kits for telephones, batteries, covers, housings, façades, chargers, hand straps, and neck straps. IC 14. Jewelry; key rings of precious metal; tie pins; medallions; jewelry boxes; watches; watch bands; alarm clocks; cases for timepieces. IC 16. Printed matter, namely, pamphlets, catalogs, and books in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; publications, namely, brochures and booklets in the field of travel, luggage, luxury goods, fashion, clothing, sports, the arts; stationery; stationery articles, namely, note pads, writing books, drawing books, calendars, agendas, notebooks, envelopes, letter paper, and index cards; covers for diaries, indexes, and pads; office requisites, namely, letter trays, paper cutters, pencils, inkstands, inkwells, paperweights, pencil holders, pen holders, writing pads, pens, balls, and nibs for pens; postcards; paper labels; newspapers; printed documents, namely, printed certificates. IC 18. Boxes of leather or imitation leather for packaging and carrying goods; traveling bags; leather traveling sets of luggage; trunks; suitcases; garment bags for travel; vanity cases sold empty; toiletry bags sold |

| | | | |
|---|---|---|---|
| | | | empty; backpacks; handbags; attaché cases; leather document cases; wallets; purses; leather key cases; umbrellas.<br>IC 24. Textiles and textile goods, namely, bath linen, bed linen, table linen, towels, bed covers, textile table cloths.<br>IC 25. Clothing, namely, underwear, shirts, tee-shirts, pullovers, skirts, dresses, trousers, coats, jackets, belts for clothing, scarves, sashes for wear, gloves, neckties, socks, bathing suits; footwear; headwear.<br>IC 34. Cigar and cigarette cases of leather and imitation leather. |
| LOUIS VUITTON | 4,530,921 | May 13, 2014 | IC 09. Optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 Players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br>IC 16. Paper bags; boxes of cardboard or paper; cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br>IC 25. Clothing, namely, pullovers, vests, shirts, tee-shirts, trousers, jackets, suits, coats, rain coats, waterproof jackets, waterproof pants, overcoats, parkas, skirts, dresses, pajamas, dressing gowns, nightgowns, robe, gloves, neck ties, belts for clothing, leather belts, scarves, pocket squares, sashes for wear, shawls, stockings, socks, tights, braces for clothing, suspenders, |

| | | | |
|---|---|---|---|
| | | | stoles, underwear, lingerie, bathing suits; headwear; shoes; slippers; boots; half-boots.<br>IC 26. Buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |
| **LV** | 4,614,736 | September 30, 2014 | IC 09. Optical apparatus, namely, binoculars; blank USB sticks; spectacles; sunglasses; spectacle frames; spectacle glasses; spectacle cases; accessories for telephones, mobile phones, smart phones, tablet devices, PDAs, and MP3 players, namely, covers, neck straps, neck cords, and bags and cases specially adapted for holding or carrying portable telephones and telephone equipment and accessories.<br>IC 16. Paper bags, boxes of cardboard or paper, cardboard and paperboard envelopes and pouches for packaging; plastic materials for packaging, namely, bags; posters; pamphlets referring to travel; postcards; catalogs featuring luggage, travel accessories, bags, small leather goods, and clothing; paper labels; trading cards; greeting cards; business cards; invitation cards; printed publications, namely, books, newspapers, leaflets, and magazines featuring luggage, travel accessories, purses, small leather goods, and clothing; bookbinding materials; printed photographs; photograph albums; stationery, namely, note pads, desk pads, writing pads, drawing pads, envelopes, note paper; calendars; pocket calendars; note books; telephone indexes; diary covers; diaries; office requisites, namely, letter trays, paper knives, ink stands, inkwells, paper weights, pencil holders, pen holders, pencil tubs, blotting pads, pencils, fountain pens, rubber erasers, pen cases; printing types; printing blocks; table linens of paper.<br>IC 26. Buttons; hooks and eyes; shoe buckles; hair accessories, namely, hair pins, barrettes, hair bows, hair clips, hair bands, hair wraps; hair ornaments; brooches for clothing; clothing fasteners, namely, scarf holders. |

*See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶ 4; ECF No. [1-2] (containing Certificates of

Registration for the Louis Vuitton Marks at issue).  The Louis Vuitton Marks are used in connection

with the manufacture and distribution of high-quality goods in the categories identified above. *See*

Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 4–5.

Defendants, through the fully interactive, commercial Internet websites and supporting domains[3] operating under the domain names identified on Schedule "A" hereto (the "Subject Domain Names"), have advertised, promoted, offered for sale, or sold goods bearing what Plaintiff has determined to be counterfeits, infringements, reproductions, or colorable imitations of the Louis Vuitton Marks. *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 9-11.

Although each Defendant may not copy and infringe each Louis Vuitton Mark for each category of goods protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the Louis Vuitton Marks. *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 10-11). Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks. *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 9-11.

Plaintiff's representative reviewed and visually inspected the Internet websites, including images reflecting the various items bearing the Louis Vuitton Marks offered for sale by Defendants through the Internet websites operating under the Subject Domain Names, and determined the products were non-genuine, unauthorized versions of Plaintiff's products. *See* Declaration of Hadrien Huet, ECF No. [6-2] at ¶¶ 10-11.

## II.    LEGAL STANDARD

To obtain a temporary restraining order, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-

---

[3] Plaintiff asserts Some Defendants use their Subject Domain Names to act as supporting domain names to direct traffic to their fully-interactive, commercial websites, including those operating under other Subject Domain Names, from which consumers can complete purchases. *See* Declaration of Virgilio Gigante [6-3] at ¶ 2, n.1.

movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995) (applying the test to a preliminary injunction in a Lanham Act case). Additionally, a court may only issue a temporary restraining order without notice to the adverse party or its attorney if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

### III.   ANALYSIS

The declarations Plaintiff submitted in support of its Application for Temporary Restraining Order support the following conclusions of law:

A.     Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing or using counterfeits, reproductions, or colorable imitations of the Louis Vuitton Marks, and that the products Defendants are selling and promoting for sale are copies of Plaintiff's products that bear copies of the Louis Vuitton Marks;

B.     Because of the infringement of the Louis Vuitton Marks, Plaintiff is likely to suffer immediate and irreparable injury if a temporary restraining order is not granted. It clearly appears from the following specific facts, as set forth in Plaintiff's Complaint, Application for Temporary Restraining Order, and accompanying declarations on file, that immediate and irreparable loss,

damage, and injury will result to Plaintiff and to consumers before Defendants can be heard in opposition unless Plaintiff's request for *ex parte* relief is granted:

      1.    Defendants own or control Internet websites, domain names, or website businesses which advertise, promote, offer for sale, and sell products bearing or using counterfeit and infringing trademarks in violation of Plaintiff's rights;

      2.    There is good cause to believe that more counterfeit and infringing products bearing or using Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates; and

      3.    There is good cause to believe that if Plaintiff proceeds on notice to Defendants of the Application for Temporary Restraining Order, Defendants can easily and quickly transfer the registrations for many of the Subject Domain Names, or modify registration data and content, change hosts, and redirect consumer traffic to other websites, thereby thwarting Plaintiff's ability to obtain meaningful relief.

      C.    The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing branded goods if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill as a manufacturer and distributor of quality products, if such relief is not issued; and

      D.    The public interest favors issuance of the temporary restraining order to protect Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as Plaintiff's genuine goods.

IV.     **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Application for Temporary Restraining Order, **ECF No. [6]**, is **GRANTED** as follows:

(1)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby temporarily restrained:

> a. From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing or using the Louis Vuitton Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by Plaintiff; and
>
> b. From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by Plaintiff, bearing or using the Louis Vuitton Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing or using the Louis Vuitton Marks, or any confusingly similar trademarks.

(2)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Louis Vuitton Marks or any confusingly similar trademarks, on or in connection with all Internet websites, domain names, or businesses owned and operated, or controlled by them, including the Internet websites operating under the Subject Domain Names;

(3)     Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue the use of the Louis Vuitton Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any

Case No. 22-cv-60228-BLOOM/Valle

advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to Internet websites registered, owned, or operated by each Defendant, including the Internet websites operating under the Subject Domain Names;

(4)    Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this action, or until further Order of the Court;

(5)    Each Defendant shall preserve copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(6)    Upon Plaintiff's request, the domain name registrar and/or privacy protection service for any of the Subject Domain Names are ordered to disclose to Plaintiff the true identities and contact information of the registrant of the Subject Domain Name;

(7)    Upon entry of this Order, Plaintiff shall provide a copy of the Order by e-mail to the registrar of record for each of the Subject Domain Names. Upon receipt of the Order, the registrar of record for each of the Subject Domain Names shall immediately lock each of the Subject Domain Names; shall notify each registrant of record of the Order; and shall provide notice of the locking of the domain name to the registrant of record.  After providing such notice to the registrars so the domain names may be locked, Plaintiff shall also provide notice and a copy of this Order to the registrant for each Subject Domain Name via e-mail to the e-mail address provided as part of the domain registration data for each of the Subject Domain Names identified in the Application for Temporary Restraining Order. If an e-mail address was not provided as part of the domain registration data for a Subject Domain Name, Plaintiff shall provide notice and a copy of this Order to the operators of the Internet websites via an onsite e-mail address and/or

13

online contact form provided on the Internet websites operating under such Subject Domain Names. **Forty-eight (48) hours after e-mailing this Order to the registrars of record and the registrants**, Plaintiff shall provide a copy of this Order to the registrars and the registries for the Subject Domain Names for the purposes described in Paragraph 8, below;

(8)     The domain name registrars for the Subject Domain Names shall immediately assist in changing the registrar of record for the Subject Domain Names, to a holding account with a registrar of Plaintiff's choosing (the "New Registrar"), excepting any such domain names which such registrars have been notified in writing by Plaintiff have been or will be dismissed from this action, or as to which Plaintiff has withdrawn its request to immediately transfer such domain names. To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within **one (1) business day** of receipt of this Order, the top-level domain (TLD) registries, for the Subject Domain Names, or their administrators, including backend registry operators or administrators, within **five (5) business days** of receipt of this Order, shall change, or assist in changing, the registrar of record for the Subject Domain Names to a holding account with the New Registrar, excepting any such domain names which such registries have been notified in writing by Plaintiff have been or will be dismissed from this action, or as to which Plaintiff has withdrawn its request to immediately transfer such domain names. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action, or until further order of the Court. Additionally, the New Registrar shall immediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/Ls39fx1/index.html whereon copies of the Complaint, this Order, and all

other documents on file in this action are displayed.  Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other documents on file in this action shall be displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on lock status by the New Registrar, preventing the modification or deletion of the domains by the New Registrar or Defendants;

(9)     This Order shall apply to the Subject Domain Names, associated websites, and any other domain names and websites which are being used by Defendants for the purpose of counterfeiting the Louis Vuitton Marks at issue in this action and/or unfairly competing with Plaintiff;

(10)     As a matter of law, this Order shall no longer apply to any Defendant or associated domain name dismissed from this action, or as to which Plaintiff has withdrawn its request for a temporary restraining order;

(11)     This Order shall remain in effect until the date for the hearing on the Motion for Preliminary Injunction set forth below, or until such further dates as set by the Court or stipulated by the parties;

(12)     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall post a bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice;

(13)    **A hearing** is set before this Court via **Zoom video conference** on **February 22, 2022, at 9:00 a.m.**, at which time Defendants or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on Plaintiff's requested preliminary injunction. The link to join is https://www.zoomgov.com/j/1614448272?pwd=amJXZFJkMVptN0tXVU9OSTJSRUpXZz09. Alternatively, the **Meeting ID is 161 444 8272 and the Passcode is 516774**;

(14)    Plaintiff shall serve copies of the Complaint, the Application for Temporary Restraining Order, and this Order on each Defendant by e-mail as described above and by posting copies of the Complaint, Application for Temporary Restraining Order, and this Order, and all other pleadings and documents filed in this action on the website located at http://servingnotice.com/Ls39fx1/index.html[4] within forty-eight (48) hours of control of the Subject Domain Names being changed to the Court via the New Registrar's holding account, and such notice so given shall be deemed good and sufficient service thereof. Plaintiff shall continue to provide notice of these proceedings and copies of the documents on file in this matter to Defendants by regularly updating the website located at http://servingnotice.com/Ls39fx1/index.html, or by other means reasonably calculated to give notice which is permitted by the Court; and

(15)    **Any response or** opposition to Plaintiff's Motion for Preliminary Injunction must be filed and served on Plaintiff's counsel forty-eight (48) hours prior to the hearing set for **February 22, 2022, at 9:00 a.m.**, and filed with the Court, along with Proof of Service. Plaintiff shall file any **Reply Memorandum** twenty-four (24) hours prior to the hearing set for **February**

---

[4] In this Circuit, Rule 65 has been interpreted to require that a party have notice of the motion and hearing; perfecting service on a defendant is not a prerequisite to the entry of a preliminary injunction order. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978); *Diamond Crystal Brands, Inc. v. Wallace*, 531 F. Supp. 2d 1366, 1370-71 (N.D. Ga. 2008).

**22, 2022, at   10:00 a.m.** The above dates may be revised upon stipulation by all parties and approval of this Court. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 15 U.S.C. § 1116(d), The All Writs Act, 28 U.S.C. § 1651(a), Federal Rule of Civil Procedure 65, and this Court's inherent authority**;

The Clerk of Court is directed to **UNSEAL** all docket entries in this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 8, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record.

Case No. 22-cv-60228-BLOOM/Valle

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Defendant Number | Defendant / Subject Domain Name |
| --- | --- |
| 1 | lvhut.net |
| 2 | louis-special-sale.shop |
| 3 | goslouisvuitton.com |
| 4 | louisved.xyz |
| 5 | louisvued.com |
| 6 | louisvuitton-my.site |
| 7 | lovelvbag.store |
| 8 | lvicon.online |
| 9 | lv-malaysia.store |
| 10 | lvoutlet.ca |
| 11 | lvreplicashop.com |
| 12 | lv-thegardens.com |
| 13 | malaysia-lv.com |
| 14 | malaysia-lvbag.store |
| 15 | my-lvbag.info |
| 16 | perfectlouisvuittonsale.com |
| 17 | replicalvonline.com |
| 18 | thegardens-lv-kl.com |
| 19 | toplvmall.com |
| 20 | aaaluxurybags.com |
| 21 | 66shop.ru |
| 22 | aaaclothing.ru |
| 23 | aaapurse.nu |
| 24 | aaareplica.co |
| 25 | aaraplica.com |
| 26 | abcbyiktuys.pw |
| 27 | acmaaslea.top |
| 28 | addnss.com |
| 29 | aimji.live |
| 30 | annjxauo.top |
| 31 | associateadapt.top |
| 32 | bagsreplica.de |
| 33 | baofse.top |
| 34 | bdkind.store |
| 35 | bdznednz.top |

| 36 | bestbag.shop |
|---|---|
| 37 | bestqualityreplica.ru |
| 38 | btsmud.top |
| 39 | buyebag.top |
| 40 | bvcnta.top |
| 41 | bxsyeao.top |
| 42 | cbhjskv.top |
| 43 | cdftbag.top |
| 44 | chinareplicbagas.com |
| 44 | dolabuy.ru |
| 44 | replicacloibag.com |
| 44 | thebagsreplicas.com |
| 45 | cmsbeb.top |
| 46 | cnaveua.top |
| 47 | cnvjgrks.top |
| 48 | copybagssale.com |
| 49 | copyforbags.com |
| 50 | corabags.ru |
| 51 | csffbg.top |
| 52 | daphnesale.ru |
| 53 | demakoaf.top |
| 54 | dfsdfgrg.shop |
| 55 | dropthenew.com |
| 56 | dvrcbht.top |
| 57 | e8bags.co |
| 58 | ehdgfsh.top |
| 59 | eyushi.top |
| 60 | ezzcc.com |
| 61 | fabag.ru |
| 62 | fakescu.com |
| 63 | famouside.com |
| 64 | fashionbags-sale.com |
| 65 | fashionhouse.buzz |
| 66 | fasionoto.ru |
| 67 | fauxbagsale.com |
| 68 | fcdshsu.top |
| 68 | mnchwa.top |
| 69 | fxtayhk.top |
| 70 | gdhnawo.top |

| 71 | handbagsreplicastore.com |
|---|---|
| 72 | hbndgyw.top |
| 73 | hellosneaker.ru |
| 74 | kindsneaker.net |
| 75 | kopi-6.com |
| 76 | krosshop24.ru |
| 77 | lianwholesale.com |
| 78 | lilysale.ru |
| 78 | lilysite.ru |
| 79 | luxcrime.ru |
| 79 | lux-crime.ru |
| 80 | luxebagseu.com |
| 81 | luxesborse.com |
| 82 | luxruy.com |
| 83 | luxury2018.com |
| 84 | luxurybagaa.com |
| 85 | luxurybagoutlet.com |
| 86 | luxurymybag.com |
| 87 | luxuryshoesu.de |
| 88 | luxurysuu.com |
| 89 | luxurytasticreps.ru |
| 90 | luxusdiva.com |
| 91 | mandybrands-03.com |
| 92 | mcdeue.top |
| 93 | mchaui.top |
| 94 | mckswh.top |
| 95 | mdjitcx.top |
| 96 | methodc.com |
| 97 | mfjernc.top |
| 98 | mfvjrsew.top |
| 99 | mgifkdls.top |
| 100 | mgsaywa.top |
| 101 | mhsebag.top |
| 102 | mhycbag.top |
| 103 | mnxhua.top |
| 104 | mnxwok.top |
| 105 | modecina.cn |
| 105 | modecina.ru |
| 106 | mxnbzw.top |

| 107 | mxsajkw.top |
|-----|-------------|
| 108 | mzbhwu.top |
| 109 | nbvrtyf.top |
| 110 | ncaxzjbn.top |
| 111 | nceubag.top |
| 112 | ncmfjrs.top |
| 113 | ncrsfsd.top |
| 114 | ncyesizs.top |
| 115 | ndsyve.top |
| 116 | neverfulloutlet.com |
| 117 | newbuybuystations.com |
| 118 | ngfsfsfd.top |
| 119 | nmjhac.top |
| 120 | nvxdedx.top |
| 121 | nyseti.top |
| 122 | originalhandbag.top |
| 123 | outletborsa.net |
| 124 | perfectfakebags.com |
| 125 | pkajstore.com |
| 126 | pkshoe.com |
| 126 | pkshoe.net |
| 127 | popbrandcenter.com |
| 128 | pursevalleyfactory.la |
| 129 | qdfdny.top |
| 130 | qdncz.top |
| 131 | qualitybestbags.com |
| 132 | realfashion24.com |
| 133 | replica-watches-germany.com |
| 134 | replicawatchespro.co |
| 135 | replicaxi.com |
| 136 | resinstatue.club |
| 137 | sdehbag.top |
| 138 | sffp.shop |
| 139 | sneakerinbox.com |
| 140 | taikcmj.top |
| 141 | tangerjapanoutlet.com |
| 142 | thcodway.com |
| 143 | theybag.top |
| 144 | tikhub.ru |

Case No. 22-cv-60228-BLOOM/Valle

| 145 | toplifeshop.com |
| 146 | towbag.shop |
| 147 | udifskb.top |
| 148 | uenmbag.top |
| 149 | uhdsahwo.top |
| 150 | ujhyfsdt.top |
| 151 | vipsluxurybags.com |
| 152 | vlixcolux.com |
| 153 | vmnxjews.top |
| 154 | wdvbf.top |
| 155 | wfvnbag.top |
| 156 | xcfwnm.top |
| 157 | xndjosen.top |
| 158 | xnhyao.top |
| 159 | xnwyid.top |
| 160 | yangyuejianqiali.com |
| 161 | yfkew.com |
| 162 | yreplicabags.com |
| 163 | ytgfdlcm.top |
| 164 | ytrfegh.top |